UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HENRY L. KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:12-CV-223-JD |
| | ) |
| WELTMAN, WEINBERG & REIS CO., | ) |
| L.P.A., | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Now before the Court is Defendant's motion for summary judgment on the complaint filed by Plaintiff Henry L. Knox ("Knox") alleging Defendant Weltman, Weinberg & Reis Co., L.P.A. ("Weltman") violated the Fair Credit Reporting Act ("FCRA") by pulling Knox's consumer credit reports from three major credit reporting agencies without a permissible purpose as required under 15 U.S.C. § 1681b [DE 1 at 7]. Because Weltman failed to provide the best evidence conclusively establishing the existence of the debt collected upon, Weltman's motion for summary judgment is DENIED with leave to REFILE in order to provide supplemental evidence.

## I. INTRODUCTION

On June 6, 2012, Knox filed a *pro se* complaint demanding a trial by jury [DE 1 at 7]. Knox's claim is brought pursuant to § 1681b of the FCRA preventing the illegal obtainment of another individual's consumer credit report. On August 20, 2012, Weltman filed its answer and affirmative defenses [DE 10]. On September 12, 2012, Weltman filed its motion for summary judgment [DE 11] and brief in support of its motion [DE 12], along with an affidavit by Doreen Abdullovski attesting to Weltman's attempt to collect the debt allegedly owed by Knox and

confirming the correspondence between Weltman and Knox prior to the litigation [DE 12 at 7-11]. Proper notice of the summary judgment motion was also given to Knox consistent with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) [DE 11]. Knox filed a brief in opposition to Weltman's motion for summary judgment on November 1, 2012 [DE 15] alleging there was insufficient evidence in the record to substantiate the existence of the contested account. In liberally construing Knox's pleading, it appears that he also moved to strike the affidavit of Doreen Abdullovski ("Abdullovski"). *Id*. Weltman filed a reply on November 15, 2012 [DE 16], along with an additional affidavit from Debra Ciapi ("Ciapi") to substantiate the record [DE 16-1]. Finally, on December 7, 2012, Knox filed a sur-reply [DE 17], which the Court considers herein even though Knox did not seek leave to file the sur-reply.

## II. FACTUAL BACKGROUND

Weltman is accused of illegally accessing Knox's consumer debt information in violation of the FCRA [DE 1]. According to Abdullovski, Weltman's Compliance Attorney, Weltman is a law firm that performs consumer and commercial collection services, and was reportedly hired by a creditor to collect on a debt owed by Knox [DE 12 at 7-8]. The creditor, then Weltman's client, requested Knox's credit report and credit score, which Weltman accessed twice from Trans Union on January 22, 2011. *Id*. Weltman admits Knox's credit report was accessed without Knox's consent, but claimed it was obtained pursuant to a permissible purpose under the FCRA [DE 9 at 6].

Debra Ciapi, an employee of Resurgent Capital Services, LP ("Resurgent"), the servicing agent for LVNV, provided an affidavit indicating that based "upon [her] review of such books, records, and documents, . . . LVNV became the owner through purchase of account number ending in 0300, in the name of Henry Knox, on July 10, 2003 which originated as a CitiBank

2

credit card account." [DE 16-1 at 1-2]. Ciapi also confirmed that on January 21, 2011, LVNV, through Resurgent, referred the account to Weltman for collection efforts on behalf of LVNV. *Id*. Neither the affidavit of Ms. Ciapi nor the affidavit of Ms. Abdullovski had any original documents attached to them evidencing the existence of the actual account or establishing the account's chain of title (such as a bill of sale).

### III. STANDARD OF REVIEW

On summary judgment, the burden is on the moving party to demonstrate that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That means that the Court must construe all facts in the light most favorable to the nonmoving party, making every legitimate inference and resolving every doubt in its favor. *Kerri v. Bd. Of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any such material fact, and summary judgment is therefore inappropriate, when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. On the other hand, where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party, as well as draw all reasonable and justifiable inferences in its favor. *King v. Preferred Technical Grp.*, 166 F.3d 887, 890 (7th Cir. 1999). However, the non-moving party cannot simply rest on the allegations or denials

3

contained in its pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000).

## IV. DISCUSSION

Read liberally, Knox's response and sur-reply to Weltman's motion for summary judgment make three central arguments: 1) Weltman's use of affidavits from its own firm to support the summary judgment motion is inappropriate and the affidavits should be stricken from the record; 2) Weltman failed to provide the best evidence establishing details about the account upon which Weltman was trying to collect; and 3) Weltman illegally obtained Plaintiff's credit report without his consent in violation of 15 U.S.C. § 1681b(a)(3)(A) of the FCRA.

As detailed below, there is no doubt that using an affidavit to support the request for summary judgment is permissible. And while it is likely Weltman's actions in accessing Knox's credit information were permissible under 15 U.S.C. § 1681b, Weltman has failed to provide sufficient evidence under the Federal Rules of Evidence to substantiate the legitimacy of the account upon which it was collecting.

### A. The affidavits submitted in support of summary judgment.

In ruling on summary judgment motions, the Court will consider the types of materials listed in Rule 56(c) and evidence that would be admissible if offered at trial. Fed. R. Civ. P. 56(e)(1); *see also Celotex Corp. v. Catrett*, 477 U.S. at 324; *Modrowski v. Pigatto*, 712 F.3d 1166 (7th Cir. 2013); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 371 n.6 (7th Cir. 1997) (declining to consider hearsay evidence in ruling on a motion for summary judgment); *Colan v. Cutler-Hammer, Inc.*, 812 F.2d 357, 365 n.14 (7th Cir. 1987) (refusing to consider inadmissible

handwritten notes which were incomplete, unreliable, and riddled with hearsay in rendering a decision on a motion for summary judgment).

Any affidavit submitted for the court's consideration in ruling on a motion for summary judgment must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "[A]lthough personal knowledge may include reasonable inferences, those inferences must be 'grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.'" *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (quoting *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991) (en banc)). Absent evidence supported by specific facts, conclusory allegations are insufficient to defeat a motion for summary judgment. *Payne*, 337 F.3d at 773 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although self-serving statements unsupported by evidence are insufficient to overcome a motion for summary judgment, *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001), the mere fact that an affidavit is self-serving does not preclude the court from considering it on summary judgment, as long as the affidavit meets the requirements of Rule 56(c). *See Payne*, 337 F.3d at 773 ("lay[ing] to rest the misconception that evidence presented in a 'self-serving' affidavit is never sufficient to thwart a summary judgment motion.").

Knox argues Abdullovski's affidavit should be struck from the record because it is biased, given Abdullovski works for Weltman[1] [DE 15 at 5]. However, the mere fact

---

[1] While the Court could refrain from considering Knox's argument because it was not made in a separate motion to strike as required by the local rules, *see* N.D. Ind. L.R. 7-1(a), the Court, in the interest of justice, considers Knox's *pro se* request. *See Modrowski v. Pigatto*, 712 F.3d 1166 (7th Cir. 2013) ("we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment. It does not follow, however, that district courts cannot exercise their discretion in a more lenient direction: litigants

Abdullovski is employed by Weltman does not render the affidavit inadmissible—in fact, the Court would expect to see affidavits from those employed by a company moving for summary judgment. In addition, the affidavit testimony provided by Abdullovski was based on her personal knowledge and experience as a compliance attorney for Weltman, and she is familiar with Weltman's records and client files [DE 12 at 7-11]. While Abdullovski's affidavit is self-serving in the sense that it supports Weltman's position, the affidavit provides more than mere conclusory hunches and meets the requirements of Rule 56(c). *See Payne*, 337 F.3d at 773. Abdullovski's statements are based on her personal investigation into Weltman's accounts and records, of which she had personal knowledge [DE 12 at 7-11].

Moreover, Abdullovski's affidavit testimony is corroborated by the affidavit testimony from Ciapi, an employee of Resurgent who is competent to testify to matters involving Resurgent's acting as a servicing agent for LVNV [DE 16-1 at 1-2]. Similar to Abdullovski's affidavit, Ciapi's affidavit demonstrates she has the requisite personal knowledge sufficient to meet the Rule 56(c) standard.

Similarly without merit is Knox's argument that the affidavits of Abdullovski and Ciapi refer to facts not in evidence before the Court. The argument demonstrates Knox's misunderstanding of Rule 56(c). At the summary judgment stage, affidavits properly submitted are intended to present the facts that are then admitted as evidence for purposes of creating the record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. at 888 (requiring movant to set forth by

---

have no right to demand strict enforcement of local rules by district judges" so long as the district court does not enforce or relax the rules unequally as between the parties) (internal quotation marks and citations omitted).

affidavit or other evidence specific facts for purposes of summary judgment). In other words, the affidavits *are* the evidence and are to be considered on summary judgment.[2]

The Court also rejects Knox's argument that the affidavits have not been independently authenticated before the Court. An affidavit is not required to be independently authenticated because it is a self-authenticating document which does not require extrinsic evidence of authenticity in order to be admitted. *See* Fed. R. Evid. 902; *see also* 28 U.S.C. § 1746. An affidavit is considered an acknowledged document under Federal Rule of Evidence 902(8) as it is, "accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments." The Abdullovski and Ciapi affidavits have been executed by a notary public and are properly authenticated. Moreover, Weltman properly used the affidavits in order to authenticate the letters attached thereto. *See Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006) ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.").

Finally, to dispose of Knox's final objection to the Abdullovski affidavit, the Court finds the Abdullovski affidavit does not contain hearsay. Hearsay is a statement that: "1) the declarant does not make while testifying at the current trial or hearing; and 2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). By definition, Abdullovski's affidavit is not hearsay because it is her own testimony, not the testimony of another, based upon facts discovered during her own investigation [DE 12 at 7-11]. Moreover,

---

[2]To the extent Knox's argument concerns the fact that neither affidavit provided actual records of the account collected upon, the Court separately considers whether sufficient evidence of the account has been provided. *See infra*, part B.

7

the contents of the letters from Knox and Weltman, which Abdullovski's discusses in her affidavit, are essentially irrelevant for purposes of ruling on the instant summary judgment motion, because Weltman had accessed Knox's credit history long before the letters were ever created.[3] For these reasons, the Court declines to strike the affidavits offered by Weltman.

B.     **The FCRA and the best evidence rule.**

Under the FCRA, the person requesting a consumer report must have a permissible purpose. *See* 15 U.S.C. § 1681b(f). Permissible purposes are set forth in 15 U.S.C. § 1681b. For instance, a consumer reporting agency may furnish a consumer report to a person it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). This type of permissible purpose extends to debt collection by a law firm. *See Miller v. Wolpoff & Abramson, LLP*, No. 1:06-CV-207-TS, 2007 WL 2694607, at *11 (N.D. Ind. Sept. 7, 2007), *recon. denied*, 2008 WL 474202 (N.D. Ind. Feb. 19, 2008), *affirmed,* 309 Fed.Appx. 40 (7th Cir. Feb. 5, 2009). Moreover, many courts have held that obtaining consumer credit reports in an attempt to collect on a credit card account is permissible under section 1681b. *See id.*; *see also, Pyle II v. First Nat'l Collection Bureau*, No. 1:12-cv-00288-AWI-SKO, 2012 WL 5464357 (E.D. Cal. Nov. 8, 2012) (listing cases).

As mentioned, Weltman, by affidavit, affirms it is a law firm which performs consumer and commercial collection services on behalf of its creditors, and it was engaged by a client to collect the credit card indebtedness of Knox [DE 12 at 7-8]. But despite the testimony provided

---

[3]On April 23, 2012, Knox mailed Weltman a letter alleging his rights had been violated by Weltman because it had accessed his credit report [DE 12 at 9]. Then, on May 15, 2012, Weltman mailed Knox a letter explaining that Weltman's admitted actions in obtaining Knox's credit information were authorized under the FCRA as a permissible purpose because they were in connection with the collection of an account [DE 10 at 3; DE 12 at 10].

by Abdullovski and Ciapi, Weltman does not produce the type of documentary evidence necessary to show proof of Knox's debt—an objection Knox asserts.

Knox, while not explicitly citing the best evidence rule, clearly raised the issue in his response brief by arguing "[t]here is no documentation whatsoever annexed to the Affidavit or the pleading to evidence any contract that the Defendant was engaged [to collect a debt] . . . there is no verified evidence in any form that has been entered into the court record showing any account numbers, alleged amounts to be due, date of origination of the alleged 'account', current status, or dates and terms of the contract/agreement of the alleged 'account'." [DE 15 at 2-6]. Knox similarly argues "[t]here is not one document in the record submitted by Defendant as <u>verified evidence</u> to show the existence of any alleged 'account' . . .". *Id.* (emphasis in original). Knox even filed his own affidavit confirming that he has received no documents indicating that Weltman was contracted to collect an alleged debt of Knox and that he has no records showing that an account from Knox originating with Citibank or LVNV actually existed [DE 15 at 9-12]. As a result, the Court construes Knox's argument to be that there is an issue of material fact concerning whether Weltman had a permissible purpose for obtaining Knox's credit report because there is insufficient evidence of the account's actual existence and its ownership. *Id.*

In providing supporting evidence for the record, parties have an obligation to produce actual key documents as proof. *See Dye v. United States*, 360 F.3d 744, 750 (7th Cir. 2004) (holding testimony evidence as inadmissible because the FSA was unable to produce actual key documents). The best evidence rule requires: "[a]n original writing, recording, or photograph . . . in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. If the best evidence rule is not met, and not supported with an exception, then the evidence may be stricken from the record. *See Dugan v. R.J. Corman Railroad Co.*, 344 F.3d

9

662, 669 (7th Cir. 2003) (holding affidavit testimony could be stricken as unreliable because an original agreement was not attached to the affidavit); *see also, Gaft v. Mitsubishi Motor Credit of Am.*, No. 07-CV-527, 2009 WL 3148764, at * 4 (E.D.N.Y. Sept. 29, 2009) (noting "[w]ithout more, these averments by [defendant] concerning the content of the "report," and determinations about the "report" are inadmissible evidence barred as hearsay and by the best evidence rule.").

It is true that Weltman has provided affidavit testimony confirming it provides consumer and commercial collection services, and was engaged to collect indebtedness owing by Knox [DE 12 at 7-8], and that LVNV purchased the debt of an account number ending in 0300, in the name of Henry Knox, on July 10, 2003 which originated as a CitiBank credit card account and was then referred to Weltman for collection [DE 16-1 at 1-2]. While Abdullovski attests that her testimony is based on her review of Weltman's "documents and records pertaining to indebtedness owed by Mr. Knox" and Ciapi attests that her testimony is based upon her review of "documents and records pertaining to consumer credit accounts owned by LVNV Funding, LLC [including its purchase of Knox's debt]", Weltman never attaches any such original documentation of the debt to the affidavits. *Id*.

Weltman cites *Dang v. Weltman, Weinberg & Reis Co., L.P.A.*, in support of its position that affidavit testimony alone is sufficient to rule on summary judgment [DE 16 at 3-4]. However, Weltman's reliance on *Dang* is flawed, as the best evidence rule was not raised by the plaintiff in *Dang*. *Dang*, No. 3:12-CV-246, 2012 WL 4866354 (N.D. Ind. Oct. 12, 2012). Here, Knox argues that the best evidence upon which Weltman's argument rests is the actual documents themselves—the documents that Ciapi and Abdullovski apparently based their investigations and affidavit testimony on. Without Weltman ever indicating that the documents are unavailable, pursuant to Rule 1004, Weltman's affidavit testimony standing alone is

insufficient in a case like this which rests on the existence of an account and the ability to collect on the same.

For the best evidence rule to pass muster, the party raising the best evidence objection must do so in a timely and proper way. *See e.g., United States v. Shriver*, 842 F.2d 968, 975 n.10 (7th Cir. 1988) (defendant's untimely best evidence objection did not give plaintiffs a chance to raise proper defenses to the objection and therefore the objection was waived). Because Knox's contentions were filed prior to Weltman's reply [DE 16], Weltman had sufficient time to raise an exception to the best evidence rule or further substantiate the record with the requested evidence. But it did not do so.

Thus, even if Weltman only needed to have "reason to believe" the debt upon which it was trying to collect was valid, as it contends [DE 16 at 4-5], Weltman has failed to substantiate the record with the original documentation alluded to in Abdullovski and Ciapi's affidavits, and Weltman has failed to raise an exception to the best evidence rule. Therefore, due to the state of the record, there appears to be a genuine dispute as to a material fact given insufficient proof that the account Weltman attempted to collect upon was owned by its client and was indeed Knox's account.

At this time, the Court is unable to conclude as a matter of law that Weltman is entitled to summary judgment and the Court need not address whether Weltman inappropriately accessed the consumer credit report without consent. The Court will provide Weltman additional time in which to file a revised motion for summary judgment, along with proper documentation of the account, if available. *See Miller v. Wolpoff & Abramson, LLP*, 309 Fed.Appx. 40, 42 (7th Cir. Feb. 5, 2009) ("[b]ecause the original documents filed by [defendants] did not specifically reference the relevant account number that was sold, the district court could legitimately ask for

further information to clarify ownership of the account."). If the original documentation of the account, its ownership, and Weltman's authority to collect on it are unavailable, then sufficient basis for its unavailability should be provided.

## V. CONCLUSION

Based on the foregoing, summary judgment is not proper until the record can be substantiated with the requested evidence thereby allowing the Court to rule as a matter of law on the issue. Accordingly, the Court DENIES Defendant's motion for summary judgment with leave to REFILE within 45 days from the date of this Order, absent leave of Court for additional time. Thereafter, Knox will have 30 days to respond and Weltman will have 15 days to reply.

SO ORDERED.

ENTERED: June 28, 2013

    /s/ JON E. DEGUILIO
Judge
United States District Court