UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HENRY L. KNOX | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:12-CV-223-JD |
| | ) |
| WELTMAN, WEINBERG & REIS CO., L.P.A., | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Now before the Court is Defendant Weltman, Weinberg & Reis Co., L.P.A's ("Weltman") revised motion for summary judgment [DE 21, 22] on the complaint [DE 1] filed by Plaintiff Henry L. Knox ("Knox") alleging Weltman violated the Fair Credit Reporting Act ("FCRA") by obtaining Knox's consumer credit reports from credit reporting agencies without a permissible purpose as required under 15 U.S.C. § 1681b.[1] Proper notice of the summary judgment motion was also given to Knox consistent with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) [DE 21]. The Court denied [DE 18] Weltman's first motion for summary judgment on the grounds that it failed to provide the best evidence establishing the existence of the debt collected which provided a permissible purpose for requesting Knox's consumer reports [DE 18]. The Court advised that "[i]f the original documentation of the account, its ownership, and Weltman's authority to collect on it are unavailable, then sufficient basis for its unavailability should be provided." [DE 18 at 12].

---

[1] Knox has only claimed that Weltman lacked a permissible purpose for requesting Knox's credit report under 15 U.S.C. § 1692b, and not that Weltman falsely represented the ownership of the debt under 15 U.S.C. § 1692e. *See, e.g., Miller v. Wolpoff & Abramson, LLP*, No. 1:06-CV-207-TS, 2007 WL 2694607, at *11 (N.D. Ind. Sept. 7, 2007), *recon. denied*, 2008 WL 474202 (N.D. Ind. Feb. 19, 2008), *affirmed*, 309 Fed. App'x 40 (7th Cir. Feb. 5, 2009).

Weltman's revised submissions now include exhibits which trace back the transfer of consumer credit accounts from agency to agency until they reached LVNV Funding LLC, who then hired Weltman through Resurgent to collect on the accounts. Knox responded to the revised motion on November 8, 2013 [DE 25] with a series of allegations unsupported by any admissible evidence. For the following reasons, Weltman's revised motion for summary judgment is GRANTED.

## I. Factual Background

Weltman is accused of accessing Knox's consumer debt information without a permissible purpose in violation of the FCRA [DE 1]. According to Doreen Abdullovski and Marsha Makel, Weltman's compliance attorneys, Weltman is a law firm that performs consumer and commercial collection services, and was hired by creditor LVNV Funding, LLC through its servicing agent to collect on a consumer credit account debt owed by Knox to LVNV [DE 22-1 at 1; DE 22-3 at 1]. Weltman received an Account Summary Statement from LVNV on Knox's 0300 account, which was filed with the Court [DE 22-3 at 2-3], and this document sets forth, among other things, the account origination date (September 6, 2000), the original creditor (Citibank/Sears), the current owner (LVNV), the current owner's purchase date (July 10, 2003), and the account balance [DE 22-3 at 2-3]. Weltman's compliance attorneys acknowledge that on behalf of LVNV and in connection with the collection of that account, Weltman requested Knox's credit report and credit score, which Weltman then accessed at least once (and maybe twice per Knox [DE 25 at 2, 4; DE 25-1 at 3]) from Trans Union on January 22, 2011 [DE 22-1 at 1-2; DE 22-3 at 2]. Weltman later explained its actions were pursuant to a permissible purpose under the FCRA, 15 U.S.C. § 1681b(a)(3)(A), and it has not otherwise requested or used

Knox's credit report, nor furnished any information (including credit-related information) regarding Knox to consumer reporting agencies [DE 22-1 at 2, 4].

Tonya Henderson, an employee of Resurgent Capital Services, LP ("Resurgent"), the servicing agent for LVNV, provided an affidavit indicating that based "upon [her] review of such books, records, and documents, . . . LVNV Funding LLC became the owner through purchase of account number ending in 0300, in the name of Henry Knox, on July 10, 2003 by purchase from Sears, Roebuck and Co./Citibank, N.A., the original creditor." [DE 22-2 at 1]. Attached to Henderson's affidavit is the "Bill of Sale and Assignment" indicating that specific sellers, one of which was Sears, Roebuck and Co., transferred various consumer credit accounts to Sherman Originator LLC [DE 22-2 at 1, at 3-6], which, per the chain of assignments, were ultimately transferred to LVNV [DE 22-2 at 1, 7-13]. Henderson attested that it was through this series of transactions that LVNV became the owner of account 0300 in the name of Henry Knox [DE 22-2 at 1, at 3-12]. Henderson also confirmed that on January 21, 2011, LVNV, through Resurgent, referred the account to Weltman for collection efforts on behalf of LVNV, and that a copy of the Account Summary Statement was sent to Weltman [DE 22-2 at 1, 13]. Henderson attested that when the 0300 account was opened by the original creditor on September 6, 2000, the account was charged off in 2003 and no original account statements were retained beyond the original creditor's seven-year retention policy, and therefore other 0300 account documents are currently unavailable [DE 22-2 at 2].

## II. Standard of Review

On summary judgment, the moving party bears the burden of demonstrating that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one identified by the substantive law as

affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment should be granted. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *King v. Preferred Technical Grp.,* 166 F.3d 887, 890 (7th Cir. 1999). However, the non-moving party cannot simply rest on the allegations or denials contained in its pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000).

### III. Discussion

Read liberally, Knox's response to Weltman's revised motion for summary judgment raises the following arguments: 1) Weltman (again) failed to provide the best evidence establishing the legitimacy of account 0300, that LVNV became the owner of account 0300, and Weltman was engaged by LVNV to collect on the account; 2) Weltman's affidavits and the attached Account Summary Statement should be stricken because they are based on a lack of personal knowledge and contain hearsay; and 3) Weltman illegally obtained Knox's credit report by not having a permissible purpose for doing so, in violation of 15 U.S.C. § 1681b(a)(3)(A) of the FCRA.

As detailed below, Weltman has now provided sufficient evidence under the Federal Rules of Evidence to substantiate on summary judgment that its actions in accessing Knox's credit information were permissible under 15 U.S.C. § 1681b.

### A. The best evidence.

Knox raises an argument based on Federal Rule of Evidence 1002, by arguing that Weltman failed to provide the best evidence establishing the legitimacy of account 0300 and LVNV's purchase of it from Sears in 2003. He also contends that Weltman has failed to produce any contract or invoice proving that it was hired by LVNV through Resurgent to collect on account 0300.

In providing supporting evidence for the record, parties have an obligation to produce actual key documents as proof. *See Dye v. United States*, 360 F.3d 744, 750 (7th Cir. 2004) (holding testimony evidence as inadmissible because the FSA failed to produce actual key documents without explanation for their absence). The best evidence rule requires: "[a]n original writing, recording, or photograph . . . in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. However, "[a]n original is not required and other evidence of the content of a writing, recording, or photograph is admissible if: (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith; . . .". Fed. R. Evid. 1004; *see Dye*, 360 F.3d at 750 (indicating that if the best evidence rule is not met, then testimony that the original was lost or destroyed would suffice under Fed. R. Evid. 1004, and the court may then rely on testimony).

Here, Henderson has confirmed that as the servicing agent for LVNV, she has access to records pertaining to consumer credit accounts owned by LVNV, including access to an account ending in number 0300 in the name of Henry Knox [DE 22-2 at 1]. Henderson confirmed that

after the 0300 account was opened in 2000 and charged off in 2003, the account statements were not retained and therefore additional documents relating to the account are unavailable. This uncontradicted affidavit testimony establishes that additional documents relative to the 0300 account were not retained and are thus unavailable. *See, e.g., United States v. McGaughey*, 977 F.2d 1067, 1071 (7th Cir. 1992). Thus, the Court may rely on the affidavit testimony provided by Weltman concerning account 0300, assuming those affidavits are based on sufficient personal knowledge.

### B. The affidavits.

In ruling on summary judgment motions, the Court will consider the types of materials listed in Rule 56(c) and evidence that would be admissible if offered at trial. Fed. R. Civ. P. 56; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168-69 (7th Cir. 2013); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 371 n.6 (7th Cir. 1997) (declining to consider hearsay evidence in ruling on a motion for summary judgment). Any affidavit submitted for the court's consideration in ruling on a motion for summary judgment must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "[A]lthough personal knowledge may include reasonable inferences, those inferences must be 'grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.'" *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (quoting *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991) (en banc)). Conclusory allegations, unsupported by specific facts, are insufficient to defeat a motion for summary judgment. *Payne*, 337 F.3d at 773 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Knox argues that the three affidavits submitted by Weltman should be struck from the record because they are not based on personal knowledge and because they contain hearsay.[2] Knox's arguments are without merit.

First, the very fact that the affiants never worked for the original creditor (Citibank/Sears) or LVNV does not *ipso facto* mean the affiants lack the requisite knowledge to provide admissible testimony in this case. Specifically, the affidavit testimony provided by Abdullovski and Makel are based on their personal knowledge and experience as compliance attorneys for Weltman, and their familiarity with Weltman's records and client files. Similarly, Henderson's testimony is based on her personal knowledge and experience as an employee for Resurgent, and her familiarity with Resurgent's acting as a servicing agent for LVNV and collecting on consumer credit accounts owned by LVNV. Thus, based on personal experiences and investigation into their own employer's accounts and records, the affiants have demonstrated the requisite personal knowledge under Rule 56(c) to explain Weltman and Resurgent's involvement in the attempt to collect on account 0300. *See Payne*, 337 F.3d at 773.

In a similar vein, Knox argues that the Account Summary Statement Weltman received from LVNV [DE 22-3 at 2-3] should be stricken because it contains language that it was "generated on behalf of LVNV Funding LLC, account owner" and therefore had to be "generated based on unknowns." However, even if Makel has not demonstrated the requisite knowledge to testify about the document's creation or accuracy, Makel's employment with Weltman and review of Weltman's records certainly allows her to testify that Weltman in fact

---

[2] While the Court could refrain from considering Knox's argument because it was not made in a separate motion to strike as required by the local rules, *see* N.D. Ind. L.R. 7-1(a), the Court, in the interest of justice, considers Knox's *pro se* request. *See Modrowski v. Pigatto*, 712 F.3d 1166 (7th Cir. 2013) ("we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment. It does not follow, however, that district courts cannot exercise their discretion in a more lenient direction: litigants have no right to demand strict enforcement of local rules by district judges" so long as the district court does not enforce or relax the rules unequally as between the parties) (internal quotation marks and citations omitted).

received the Account Summary Statement from LVNV and that Weltman was engaged by LVNV through Resurgent to collect on the account identified on it. Thus, Weltman had reason to believe it was collecting on an actual account ending in numbers 0300 and assigned to Knox. Further, Henderson collaborated these facts by stating that as an employee of Resurgent, she can attest to the fact that as LVNV's servicing agent, Weltman was sent the Account Summary Statement and Resurgent engaged Weltman to collect on the 0300 account. And while it is true that no available document specifically lists account 0300 as one which was ultimately transferred from Sears to LVNV, or that LVNV (through Resurgent) hired Weltman to collect on the account, Henderson's uncontested affidavit testimony establishes that additional documentation is unavailable. Thus, the Court may rely on the affidavit testimony.

Second, the affiants' relevant statements do not constitute hearsay. Hearsay is a statement that: "1) the declarant does not make while testifying at the current trial or hearing; and 2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). By definition, Abdullovski, Henderson, and Makel's affidavits are not considered hearsay where they contain their own testimony, not the testimony of another.

To the extent their testimony relies on the contents of the "Bill of Sale and Assignment[s]" or the "Account Summary Statement", the statements contained therein are not necessarily offered for the truth of the matter, but rather to explain Resurgent's intent in hiring Weltman to collect on the debt, to reveal Weltman's belief that it was collecting on an actual account, and to show that Weltman's intent for requesting Knox's consumer report was to collect on the alleged debt. *See Eaton v. Plaza Recovery, Inc*. No. H-12-3043, 2014 WL 29561, at *3 (S.D. Tex. Jan. 3, 2014) (the declaration was submitted to show the agency's intent in requesting the report, not to prove that plaintiff owed a debt, because an agency attempting to collect a debt

8

is not required under the FCRA to verify, validate, or 'prove-up' a person's debt before seeking a credit report). And to the extent the documents were provided for the truth of their contents, they would fall under the residual exception to the hearsay rule under Rule 807 (requiring the opposing party to have an opportunity to respond to the statement and where "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice."). As to the contents of the letters from Knox and Weltman, which Abdullovski discusses in her affidavit, these letters are essentially irrelevant for purposes of ruling on the instant summary judgment motion, because Weltman had accessed Knox's credit history long before the letters were ever created.[3] For these reasons, the Court declines to strike the affidavits offered by Weltman as hearsay.

Finally, to the extent Knox (again) argues that the affidavits refer to facts not in evidence, the Court (again) rejects such an argument. The argument demonstrates Knox's misunderstanding of Rule 56(c). At the summary judgment stage, affidavits properly submitted are intended to present the facts that are then admitted as evidence for purposes of creating the record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. at 888 (requiring movant to set forth by affidavit or other evidence specific facts for purposes of summary judgment). In other words, the affidavits *are* the evidence and are to be considered on summary judgment. Moreover, Weltman properly used the affidavits in order to authenticate the records attached thereto. *See Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006) ("To be admissible,

---

[3]On April 23, 2012, Knox mailed Weltman a letter alleging his rights had been violated by Weltman because it had accessed his credit report [DE 22-1 at 3]. Then, on May 15, 2012, Weltman mailed Knox a letter explaining that Weltman's admitted actions in obtaining Knox's credit information were authorized under the FCRA as a permissible purpose because they were in connection with the collection of an account [DE 22-1 at 4].

documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.").

### C. The FCRA.

The purpose of the FCRA is to ensure "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). The FDCPA creates a private right of action against a debt collector. 15 U.S.C. § 1692k. To protect consumer privacy, the FCRA limits the furnishing of consumer reports to specific statutorily enumerated purposes, 15 U.S.C. § 1681b(a), which are the same permissible purposes for which one can obtain or use a consumer report. *Id.* at § 1681b(f). Relevant to the instant case is the fact that a person can use or obtain a consumer report when a person has reason to believe the information will be used "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). This type of permissible purpose extends to debt collection by a law firm. *See Miller v. Wolpoff & Abramson, LLP*, No. 1:06-CV-207-TS, 2007 WL 2694607, at *11 (N.D. Ind. Sept. 7, 2007), *recon. denied*, 2008 WL 474202 (N.D. Ind. Feb. 19, 2008), *affirmed,* 309 Fed. App'x 40 (7th Cir. Feb. 5, 2009). Moreover, many courts have held that obtaining consumer credit reports in an attempt to collect on a credit card account is permissible under section 1681b. *See id.*; *see also, Pyle II v. First Nat'l Collection Bureau*, No. 1:12-cv-00288-AWI-SKO, 2012 WL 5464357 (E.D. Cal. Nov. 8, 2012) (listing cases).

Weltman, by affidavit, affirms it is a law firm which performs consumer and commercial collection services on behalf of its creditors, and it was engaged by LVNV through its servicing agent to collect the alleged indebtedness of Knox on account 0300 when it pulled Knox's consumer credit report on January 22, 2011. In his response to the revised motion for summary judgment, Knox does not dispute that attempting to collect a debt in this fashion is a permissible purpose under the FCRA. *See, e.g., Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1047 (7th Cir. 2005) (noting that the statute's use of the word "involved" implies that the entity requesting the credit report does not have to have a prior transaction with the consumer directly, but there must be a clear connection between the entity's request and the consumer's transactions). Rather, Knox only took issue with the evidence Weltman used to support its claim of having such a permissible purpose—evidence which the Court deemed admissible for the reasons previously detailed.

Moreover, Knox has not produced any evidence to contradict Weltman's sworn affidavit testimony that when it pulled Knox's consumer credit report, Weltman had been engaged by LVNV through its servicing agent to collect the indebtedness on an account ending in 0300 and assigned to Knox. Knox's unsworn blanket assertions in his response brief [DE 25] suggesting this may not be the case, amount to nothing more than speculation and do not create a genuine factual issue. *See Miller*, No. 1:06-CV-207-TS, 2007 WL 2694607, at *11 ("An invitation to speculate does not create a genuine factual issue.") (citing *Zayre Corp. v. S.M. & R. Co.*, 882 F.2d 1145, 1152 (7th Cir. 1989)).

Because it is undisputed that LVNV retained Weltman through its servicing agent to collect an alleged outstanding debt on the 0300 account, and that Weltman obtained copies of Knox's credit report in connection with its collection efforts on the 0300 account on behalf of

11

LVNV, Weltman had a legitimate purpose. *See* 15 U.S.C. § 1681b(a)(3)(A); *see also Miller v. Wolpoff & Abramson, LLP*, 309 Fed. App'x 40 (7th Cir. Feb. 5, 2009). Therefore, because the only basis on which Knox attempts to assert a claim is the obtaining and usage of his consumer credit report without a permissible purpose, Weltman is entitled to summary judgment on Knox's claim that Weltman violated the FCRA. *See Trinh v. Weltman, Weinberg & Reis Co., L.P.A.*, Civil No. 3:12cv379, 2012 WL 5824799 (N.D. Ind. Nov. 14, 2012).

Finally, Knox's conclusory argument [DE 25 at 4-5] that Indiana's six year statute of limitations on contracts bars collection efforts on his account is misplaced. Indiana Code 34-11-2-7 and 34-11-2-9 require "actions" on contracts to be filed within six years; however, the statute of limitations does not prevent debt collectors from attempting to collect on debts. They just cannot successfully *sue* to collect the debts.

## IV. Conclusion

For the foregoing reasons, Weltman's revised motion for summary judgment [DE 21] is GRANTED.

SO ORDERED.

ENTERED: August 11, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court